| 1 R | 95 |
| 26 SC | 215 |

### SMULL *against* MICKLEY and another.

It is no objection to the validity of the title of a purchaser at sheriff's sale, that the *Venditioni Exponas* was not returned until long after the acknowledgment of the sheriff's deed, and long after the sheriff who made the sale, had gone out of office.

THIS was an ejectment originally brought in the Court of Common Pleas of *Lehigh* county to *December* Term, 1825, and removed by *Habeas Corpus cum causa*, to the Circuit Court of the same county, where it was tried on the 16th of *April*, 1828, before the Chief Justice.

The plaintiff, on the trial of the cause, claimed the land in controversy as devisee under the will of *George Smull*, deceased, and gave in evidence the said will, dated *August* 3rd, 1815, and proved *October* 12th, 1815.

The defendants set up the following title in themselves:—*George Smull*, being indebted at the time of his death to *Jacob Schrieber*, an amicable action in debt was entered in the Court of Common Pleas of *Lehigh* county, in which said *Schrieber* was plaintiff, and *Peter Smull*, executor of the last will, of the said *George Smull*, deceased, was defendant to *December* Term, 1817. Judgment by

(Smull *v*. Mickley and another.)

confession was entered in this suit on *January* 9th, 1818, for the plaintiff, in the sum of eight hundred and sixty-three dollars seventy-two cents, with costs, &c. A *Fieri Facias* was issued on this judgment to *August* Term, 1818, and the sheriff levied upon two tracts of woodland as the property late of *George Smull*, deceased. One of these tracts, supposed to contain seventeen acres eighty perches, comprised the land for which this ejectment was brought. The property levied on being woodland and so returned by the sheriff, no inquisition was held upon it, and a *Venditioni Exponas* to *November* Term, 1818, was issued, upon which a sale was made by the sheriff, which was set aside by the court. The entry on the docket was as follows: " *December* 1st, 1818. On motion, sale and execution in the above case, set aside." An *Alias Venditioni Exponas* was then issued to *February* Term, 1819, in virtue of which the sheriff again sold the said tract of woodland, containing about seventeen acres eighty perches, to *Jacob Schrieber*, plaintiff in the suit, for ten hundred and eighty-five dollars.

On the 2nd of *February*, 1819, a rule was obtained to show cause why this sale should not be set aside, in relation to which, on same day, an entry was made in the docket in these words: " Rule discharged, and defendants to have two months to pay the debt, interest, and costs; and if paid, sheriff to return *Venditioni Exponas* unsold for want of buyers; otherwise sale confirmed, and sheriff to deliver the deed accordingly." The sheriff, on the 3rd of *February*, 1819, executed a deed for the said seventeen acres eighty perches, and acknowledged it on the same day in open court, but retained the same until the two months had expired, when the defendants in *Schrieber* v. *Smull's* executors, not having complied with the above order or decree of court, he delivered it to the purchaser, *Schrieber*. The *Alias Venditioni Exponas* was returned *November* 27th, 1827, long after the sheriff had gone out of office. *Jacob Schrieber* and wife conveyed part of this land to *Jacob Mickley*, one of the defendants in the present cause, and the remainder to *Henry Byle*, the other defendant. The deeds by which these conveyances were made, were both dated on the 3rd of *June*, 1820, and were duly recorded.

The jury, under the direction of the Chief Justice, found a verdict for the plaintiff, and the defendants' counsel moved for a new trial, which having been refused, an appeal was entered to the court in bank, where the cause was argued by *Stroud* for the appellants and *Brooke* and *J. M. Porter* for the appellees upon several points, only one of which, however, is noticed in the opinion of the court, which was delivered by

Tod, J.—In this ejectment the plaintiff claimed the land under the will of his father, *George Smull*, deceased. The defendants held under a sheriff's deed, in pursuance of a judgment against *Peter Smull*, the executor of *George Smull*, for a debt of the testator. On the trial in the Circuit Court, sundry objections were

(Smull *v.* Mickley and another.)

made by the plaintiff to the validity of the defendants' title under the sheriff's sale. All these objections are deemed by us unavailable. They were all deemed so by the judge who tried the cause, except one. The *Venditioni Exponas* on which the land was sold, had not been returned by the sheriff until after the acknowledgment of his deed in court. In fact, there was no return of it till long after the sheriff's office had expired. The Judge decided this to be a fatal defect. Upon further reflection, he now thinks his decision to have been erroneous, and we all think so. The negligence of sheriffs to return their writs of *Venditioni Exponas,* after sales of land, has been by no means uncommon in many counties. It is a negligence much to be censured. The papers ought to be in their proper places. Some courts have made a general rule against receiving the acknowledgment of a deed before the writ is returned. But it would seem hard to begin now to visit this old fault of the sheriff upon the vendee, who has no agency in the matter, and who may well be allowed to presume that every thing done by the court is done in due form. To sustain the objection might be very hurtful to the security of titles. The return is not always made a matter of record any further than by indorsement on the writ. I believe the precise date of the return is never set down. Whatever of form or substance there can be in a *Venditioni Exponas* may be made out by the *Fieri Facias* and docket entry, aided by the common forms of the office, without the writ. For all purposes of information to the court the sheriff's deed is a return. It is produced, read in court, and entered on the record. It recites the sale, the mode and time of it, the name of the purchaser, the price and the payment of the money.

Judgment reversed, and a new trial awarded.