## Kelly *versus* Creen.

1. The Act of 1836 did not make sales under a venditioni after the return day void.

2. A sheriff's sale made by virtue of a vend. ex. after the Act of 1836 and before July 2d 1845, is valid to divest the debtor's title, though not made till more than six weeks after the return day of the writ.

3. That the sale was adjourned from some day prior to the return of the writ, need not affirmatively appear; it will be presumed.

4. The presumption always is that officers of the law have done their duty.

5. The recital in a sheriff's deed, that the sale was made after he had "given due and legal notice of the time and place of sale and after adjournment," is proof of those facts, being a declaration made by him in the discharge of his official duty.

ERROR to the Court of Common Pleas of *Mercer county*.

Ejectment by John Kelly against Richard Creen, commenced April 4th 1864.

The plaintiff was the owner of the land in dispute, on the 27th of August 1840, when a judgment was entered against him at the suit of John Mitcheltree, on which a fi. fa. was issued to December Term 1842: to this writ the sheriff returned " levy made, inquisition held and property condemned."

A venditioni exponas was issued to March Term 1845, but the writ itself was not to be found. The sheriff, on the 25th of June 1845, for the consideration of $600, executed a deed to John Mitcheltree, the plaintiff in the execution, for the land levied on (that in dispute), this deed was acknowledged August 5th 1845: it recited, amongst other things: " And whereas, by a certain writ of venditioni exponas, issued out of said court, bearing teste at Mercer aforesaid, the 27th day of December last past, and to the said sheriff directed, he was commanded, that the said land, with the appurtenances, so by him seized and taken in execution as aforesaid, he should expose to sale, and that he should have the moneys arising from such sale, at the Court of Common Pleas, to be holden for the said county of Mercer, the fourth Monday of March then next, to render, &c., and, whereas, the sheriff, having given due and legal notice of the time and place of sale of the said land, and, after adjournment, on Thursday the 8th day of May 1845, did expose the same to sale, by public vendue or outcry, and sold the same to John Mitcheltree, of Shenango township, for the sum of $600," &c.

The next return day of the court, after the issuing of the venditioni, was the second Monday of March 1845. Kelly continued in possession until the fall of 1848, when he was removed by the sheriff under a warrant from two justices, after proceedings instituted by the purchaser to obtain possession under the sheriff's sale. Mitcheltree, the purchaser at sheriff's sale, entered into articles of agreement with Creen, the defendant, to sell him the

[Kelly v. Creen.]

land, and having died, the agreement was executed on the 30th of December 1856, by his administrator, under a decree of the Orphans' Court. Creen paid all the contract price and made valuable improvements. The sheriff's deed was delivered to the administrator of Mitcheltree in 1860.

The plaintiff submitted several points, the decision, however, turned upon the following, viz. :—

" The sheriff's sale made to the plaintiff in the execution under the Act of 1836, after the return day thereof, is void for want of authority in the sheriff, and the owner of the land may assert his title after the acknowledgment of the sheriff's deed :" which the court below negatived, and instructed the jury to find for the defendant, and they so found. This instruction of the court was assigned for error.

*Foster & McDermott*, for plaintiff in error.—The sale was made six weeks after the return day, whilst the Act of 1836 requires that it shall be made before : McClenahan v. Humes, 1 Casey 88. The decisions from Burd v. Dansdale, 2 Binn. 90, to Blythe v. Richards, 10 S. & R. 264, were made under the Act of 1705, but those cases held that an adjournment from day to day was indispensable. The recital in a sheriff's deed is not sufficient to establish the fact of adjournment : Wilson v. McVeagh, 2 Yeates 87. The objection here goes to the authority of the sheriff, and the acknowledgment of the deed does not conclude those interested : Porter v. Neelan, 4 Yeates 108 ; Glancy v. Jones, Id. 212 ; Cash v. Tozer, 1 W. & S. 529 ; Dale v. Medcalf, 9 Barr 109.

*Stewart, Griffith* and *Trunkey*, for defendant in error.—The sheriff's deed may be considered a return to the venditioni : Hinds v. Scott, 1 Jones 19 ; Smull v. Mickley, 1 Rawle 95. Parties interested must take advantage of irregularity at the acknowledgment of the sheriff's deed : Shields v. Miltenberger, 2 Harris 78 ; Elliott v. McGowan, 10 Id. 201 ; McFee v. Harris, 1 Casey 105. The Act of April 16th 1845, Pamph. L. 538, was passed to stop the practice of selling after the return day. This is evidence of the validity of such sales before that time : the decisions prove its validity under the Act of 1705, 1 Sm. L. 57 ; Burd v. Dansdale, 2 Binn. 91 ; McCormick v. Meason, 1 S. & R. 98 ; Blythe v. Richards, 10 Id. 265 ; McClenahan v. Humes, 1 Casey 85.

The opinion of the court was delivered, January 7th 1867, by

STRONG, J.—That a sheriff's sale of lands made under a venditioni exponas before the Act of June 16th 1836, relating to executions, divested the title of the debtor and transferred it to the

·[Kelly *v.* Green.]

purchaser, even though the sale was. not made until after the return day of the writ, has been repeatedly decided. This court has held that nothing in the Act of 1705 made a sale before the return day of the execution indispensable to the validity of the purchaser's title. Such was the doctrine advanced in Burd *v.* Dansdale, 2 Binn. 90, in McCormick *v.* Meason, 1 S. & R. 92, and in Blythe *v.* Richards, 10 Id. 261. But it is insisted that the revised Act of 1836 introduced a change, and that all sales made after its passage under writs of venditioni exponas, are void unless made before the return day. No such change, however, appears to have been intended by the legislature. True it was casually remarked in McClenahan *v.* Humes, 1 Casey 88, that " the Act of 1836 requires that all sheriff's sales of land shall be made on or before the return day of the writ," but the remark was unnecessary because the sale in that case had been made before the act was passed. And it will be found, on examination, that there is no such requirement in it. The 45th section does provide that when the defendant in any execution, being at the time of issuing thereof the owner of real estate, or the person owning such real estate by title from him. shall, by writing, filed in the proper court, dispense with and waive an inquisition, the sheriff may proceed to sell such real estate upon the writ of fieri · facias before the return day thereof without any other writ.

In view of this section it has been held that a sale of land under a fi. fa. made after the return day of the writ is void as against a subsequent purchaser at sheriff's sale, made under an encumbrance which would have been discharged by the former sale had it been valid : Dale *v.* Medcalf, 9 Barr 108; Cash *v.* Tozer, 1 W. & S. 519. The reason for this, as assigned, was that the Act of 1836 had made a change in the law respecting sales of real estate under writs of fieri facias, requiring them to be made before the return day. Such sales are out of the ordinary course. There is, therefore, more reason for requiring them to conform strictly to a statutory rule. But the act imposed no such limits upon a sheriff's power where he is acting under a writ of venditioni exponas. It left the rule in such cases as it had been determined to be under the Act of 1705. The commissioners to revise the civil code profess to have taken all the sections relating to writs of venditioni exponas from the Act of 1705 and that of March 27th 1824, varying only the language and not the substance, except in the proviso to the 63d section, which refers only to damages sustained by the neglect of the sheriff ·to advertise and give notice. All these sections were enacted as they were reported by the commissioners. They must, therefore, receive the construction which the statutes from which they were taken had received, for it is to be presumed that if a change had been intended, it would have been expressly required. That none

[Kelly *v.* Creen.]

was intended appears to have been the opinion of Chief Justice Gibson when he declared the judgment in Cash *v.* Tozer. He remarked that "it had been a sanctioned practice to sell after the return day of the writ of venditioni exponas while the writ remained actually in the sheriff's hands," and added that "did the object" (of the 45th section) "appear to be no more than to put the writ of fieri facias on a level with that writ, we should be bound to say the legislature had done no more by enactment in regard to the one than the courts had done by decision in regard to the other." These observations were uttered in regard to a sale made after the passage of the Act of 1836, and they indicate that, in his opinion, that act did not require sheriff's sales under writs of venditioni exponas after inquisition to be made before the return day. Such also appears to have been the understanding of the legislature, as shown by the Act of April 16th 1845, which, by its 2d section, required *all* sales of real estate by sheriffs and coroners, after July 1st 1845, to be made on or before the return day of the writs respectively, or within six days thereafter: Pamph. L. 1845, p. 538. This was manifestly not an enlarging act. Its purpose was to restrict the time within which such sales may be made. It was superfluous if the Act of 1836 required them always to be made before the return days of the writs.

We hold then that a sheriff's sale of lands made by virtue of a writ of venditioni exponas after the Act of 1836, and before July 2d 1845, is valid to divest the debtor's title, though it was not made until more than six weeks after the return day of the writ. In the present case the sale was made on the 8th of May 1845, on a venditioni exponas, returnable to the next preceding March Term. No term intervened between the return day and the sale. The writ is lost, but the record shows that one was issued, and a sheriff's deed reciting the writ was duly acknowledged. In Smull *v.* Mickley, 1 Rawle 95, it was ruled that it is no objection to the validity of the title of a purchaser at sheriff's sale that the venditioni exponas was not returned until long after the acknowledgment of the sheriff's deed, and long after the sheriff who made the sale had gone out of office. The court said that whatever of form or substance there can be in a venditioni exponas may be made out by the fi. fa. and docket entry, aided by the common forms of the office, without the writ. For all purposes of information to the court the sheriff's deed is a return.

The same doctrine was reasserted in Hinds *v.* Scott, 1 Jones 19, where there was no other return than the sheriff's deed, and in Gibson *v.* Winslow, 2 Wright 49, where Thompson, J., said: "the recital in a deed of a sale upon a venditioni exponas and acknowledgment in open court, was an adjudication of its existence and authority." It has been argued, however, that though

3 P. F. Smith—20

a sale under the Acts of 1705 and 1836, may not have been void because made after the return day of the venditioni exponas, yet in order to its validity it must affirmatively appear that there was an adjournment of the sale from some time prior to the return day to the day when it was effected. But this will be presumed. It has been presumed in some of the cases decided. In McCormick *v.* Meason it did not appear that there had been any advertisement or adjournment, yet the sale, though made weeks after the return day, was held not invalid on that account.

The presumption must always be that officers of the law have done their duty. In this case it is recited in the sheriff's deed that the sale was made after due and legal notice of the time and place, and after adjournment. It is true this is a declaration of the sheriff, but it is a declaration made while in the discharge of his official duty, as much so as would have been his declaration had he endorsed adjournments upon the writ. It would not be denied that such endorsements would have been evidence of the fact of adjournment. Yet they are no more required than is a similar assertion in the deed. The case cited from 2 Yeates 86, Wilson *v.* McVeagh, is not at all in conflict with this. There the plaintiff did no more than produce his sheriff's deed. He gave no evidence of any judgment or execution. The recital in the deed was relied upon to show authority in the officer, not, as in this case, to show the mode of execution of a proved authority.

It follows that the Court of Common Pleas fell into no error when they instructed the jury that the plaintiff could not recover.

Judgment affirmed.