## Blyler *versus* Kline.

1. By a law of Georgia, a defendant in foreign attachment, upon giving security for the amount which may be recovered, shall have the attached goods restored. Security in such attachment was given, and the goods delivered. *Held,* that the defendant became personally a party to the suit.

2. Judgment recovered in the case had the same effect as in an action commenced by summons.

3. In foreign attachment in Pennsylvania a judgment recovered, where the defendant contests the claim, has the same effect as if the suit had been commenced by summons.

4. In an action on the judgment, evidence that the debt had been satisfied before it was rendered, and that the attachment had been fraudulently prosecuted, *Held,* to be inadmissible.

January 18th 1870. Before READ, SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county:* No. 161, to January Term 1870.

This was an action of debt, commenced May 13th 1867, by Jotham A. Kline against David Blyler on a judgment in foreign attachment recovered by the plaintiff against the defendant in the Superior Court of Chatham, Georgia. The writ in Georgia was issued February 9th 1860, directing the sheriff to attach so much of the defendant's property as will make $750. An affidavit that the defendant resided out of the state was filed in the suit. On the 10th of March the sheriff attached "all the stock in trade and furniture in the store, &c., occupied by Joseph K. Blyler as agent of David Blyler," &c. On the same day a bond in the sum of $1600 was executed by "David Blyler, per J. K. Blyler, attorney," and "Noble Lyon, security," reciting the writ of attachment and the levy under it, with condition, "that if the said

[Blyler v. Kline.]

David Blyler shall pay to the said Jotham A. Kline the amount of the judgment and costs that he may recover in said cause, then the obligation to be void," &c.　J. K. Blyler was the son of the defendant.　The declaration was filed February 4th 1861; a waiver of all objections to "its filing at this term of court" having been signed by "L. S. De Lyon, attorney for defendant."　Pleas signed in the same manner were filed in the case.　On the 14th of January 1867 a verdict was rendered in the attachment for the plaintiff for $750, with interest from March 15th 1858, and costs; and on the same day judgment was entered on the verdict.

On the trial, March 1st 1869, before Chapman, P. J., the plaintiff offered the foregoing record in evidence.　It was objected to by the defendant, but received and a bill of exceptions sealed.

The defendant then offered to prove "that after the institution of the proceedings in the state of Georgia, and long before the date at which it is alleged that judgment was obtained, at a settlement between the plaintiff and the defendant, the note upon which said proceedings were had was fully paid and satisfied, and the plaintiff then agreed to deliver up to said defendant the said note, and further agreed to have said proceedings stopped and stayed; and afterwards the plaintiff fraudulently and unjustly caused said proceedings in Georgia to be prosecuted to judgment against defendant."

An objection by the plaintiff to this offer was overruled by the court, and the defendant gave evidence of the matters contained in it.　After the case was closed, the court withdrew the evidence of the defendant from the jury, and directed a verdict for the plaintiff for the amount of his claim.　The jury accordingly rendered a verdict for the plaintiff for $840.

The plaintiff took out a writ of error, and assigned for error—

1. Admitting the record of the Superior Court of Chatham county.

2. Directing the jury to find a verdict for the plaintiff.

G. W. Rogers, for plaintiff in error.—Attachment process by the law of Georgia must be strictly pursued: Mills v. Finley, 14 Geo. R. 230.　A record must show jurisdiction of the person on its face: Steen v. Steen, 25 Miss. 513; Dorene v. Shaw, 2 Foster 277; Foster v. Glazener, 27 Ala. 391; Smith v. Smith, 17 Illinois 482; Black v. Black, 4 Bradford 174; Lincoln v. Fowler, 2 McLean 473; Nesterfelt v. Lewis, Id. 511; Warren Manuf. Co. v. Ætna Ins. Co., 2 Paine 502; Steel v. Smith, 7 W. & S. 447; Rogers v. Burns, 3 Casey 525; Act of April 14th 1851, § 9, Pamph. L. 614, Purd. 806, pl. 30; D'Arcy v. Ketchum, 11 How. 165; Phelps v. Halker, 1 Dall. 261.　Defendant might show that a foreign judgment was void for want of notice or for fraud: Webster v. Reid, 11 How. 437.

[Blyler *v.* Kline.]

*J. Boyd*, for defendant in error, referred to Baxley *v.* Linah, 4 Harris 248; Benton *v.* Burgot, 10 S. & R. 240. The fraud, if any, is to be corrected where the judgment was recovered.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—This was an action of debt upon a judgment obtained by the plaintiff against the defendant, in the state of Georgia, and upon the trial the plaintiff offered in evidence the duly authenticated record of the Superior Court of Chatham county, of the state of Georgia, of said judgment. This record was objected to by the defendant, but admitted by the court, and an exception taken and noted.

The ground of objection was, that it was only a judgment in attachment, binding only the property attached, but not affecting the person of the defendant, of which the Georgia court never had jurisdiction.

The proceeding was by what we style a foreign attachment, commenced according to the laws of Georgia, by the plaintiff and surety giving bond to the defendant, and his attorney making oath to the indebtedness of the defendant; upon which the writ was issued and placed in the hands of the sheriff, who, on the 10th of March 1860, levied the same, and so stated in his return to the attachment, "on all the stock in trade, and furniture in the store and dwelling-house occupied by Joseph K. Blyler, as agent of David Blyler, on the corner of Congress Street lane and West Broad street, all of which said articles so levied upon will fully appear by reference to an inventory of the same hereto attached, and I have taken bond and security for the judgment and costs, in the terms of the law."

Then follows the replevin-bond, dated the same day, of David Blyler and Noble Lyon, security to the plaintiff in $1600, which recites: "Whereas, the said Jotham N. Kline hath taken out an attachment against the said David Blyler, returnable to the May Term of the Superior Court of Chatham county, which has been levied on a stock of groceries in the possession of his agent, Joseph K. Blyler, by Benjamin S. Coles, sheriff of Chatham county. Now, the condition of this obligation is such that if the said David Blyler shall well and truly pay to the said Jotham N. Kline, plaintiff in attachment, the amount of the judgment and costs that he may recover in said cause, then this obligation to be void, otherwise to be and remain in full force and virtue."

This is executed, signed and sealed by David Blyler, per J. K. Blyler, attorney, and Noble Lyon, security, who justifies, and it is filed in the court on the 20th March 1860.

The plaintiff's petition is filed 4th of February 1861. L. S. De Lyon waives all objection to its filing, and on the 3d of May files the defendant's plea, he appearing for the defendant.

[Blyler *v.* Kline.]

By the law of Georgia (2 Cobb's New Digest of the Laws of Georgia, 1851, p. 74), " every attachment hereafter sued out, the property attached may be restored to the person or persons against whom the attachment may have issued, upon the defendant or defendants giving good and sufficient security to the officer serving the said attachment, in double the debt or demand for which the said attachment may have been issued and granted, or the said defendant or defendants may file his, her or their defence to the petition or declaration of the attaching creditor or creditors, and enter into the same defence *as if the property attached had been replevied.*"

From this it is clear that on the giving of the replevin-bond the attached property was restored, and the defendant became a party to the suit personally, and appeared and defended by counsel.

This is, in substance, what is done in Pennsylvania in dissolving a foreign attachment, or in contesting it without dissolution; and in both cases judgment for the plaintiff has the like force and effect as in the case of an action commenced by a summons.

The verdict, therefore, is in favor of the plaintiff, and the judgment of the court is a general judgment, the defendant having come within the terms of the law, and being made a party to the attachment : 2 Cobb's Dig. 85.

Mr. Justice Breese, in Lawrence *v.* Jarvis, 32 Illinois 316, says: " Jurisdiction of the person is obtained in various modes : by personal service of process, by the entry of the appearance of the party himself without process, or by an attorney of the court appearing and defending."

The court was therefore clearly right in admitting the record of the Georgia judgment, and in the effect they gave to it.

Joseph K. Blyler, the son of the defendant, was examined as a witness for the defence, but no attempt was made to show that he was not the agent and attorney of his father, or that Mr. De Lyon acted without authority.

The court were right in withdrawing evidence from the jury which was entirely inadmissible.

Judgment affirmed.

SHARSWOOD, J., dissented.