Millard F. Wallace v. Ambrose Scholl, Appellant, with Henry F. Steckel and J. Scholl Moyer, Executors, Garnishees.

*Practice, C. P.—Foreign attachment—Judgment for want of appearance at third term.*

The return of a writ is no part of its execution, no matter when made, and when a foreign attachment had been duly executed before the first day of the term to which it was returnable judgment was properly*entered for want of an appearance at the September term, it being the third term after such execution.

*Foreign attachment—Failure to note bail not fatal.*

The fact that no bail was inserted in the præcipe for a writ of foreign attachment or indorsed on the writ or record is not a fatal objection, it not appearing that defendant offered to enter bail or desired to do so, from which it follows that no injury accrued to him.

Argued Dec. 6, 1898. Appeal, No. 50, Oct. T., 1898, by de-fendant, from decree of C. P. Northampton Co., May T., 1897, No. 55, discharging rule to open judgment and quash writ in foreign attachment. Before RICE, P. J., ORLADY, SMITH, W.. W. PORTER and W. D. PORTER, JJ. Affirmed.

Foreign attachment in assumpsit. Before SCHUYLER, P. J.

It appears from the record that this action of assumpsit was commenced April 22, 1897, by a writ of foreign attachment re-turnable the second Monday of May, which was duly served on one garnishee April 23, and on another May 1, 1897. Judg-ment was entered against the defendant September 20, 1897, for want of an appearance and answer. On application, the. same day, the court granted a rule to show cause why the at-tachment should not be quashed and the judgment opened and set aside. On November 29 the rule was discharged. There are six terms of court each year, commencing the second Mon-days of January, March, May, July, September and November, and this action was brought to the May term. Defendant ap-pealed.

*Error assigned* was in discharging the rule.

*M. Kirkpatrick*, with him *W. S. Kirkpatrick*, for appellant.—
The writ was not fully executed until the return was made on
the return day. To execute a writ is to obey the instructions
contained in it: 1 Rapalje and Lawrence's Law Dictionary,
p. 479, sec. 9.

The defendant is entitled to two full terms after the execu-
tion of the writ to appear: Melloy v. Burtis, 124 Pa. 161.

If, as contended, the writ is not fully executed until the re-
turn day of the term to which it is returnable, then that term
must be excluded in the computation. In contemplation of
law the return day is the time of the execution of the writ.
December term was the third term after the execution of the
writ in this case and the judgment entered at September term
was premature and therefore void.

It is not too late after judgment by default in foreign attach-
ment to move to open the judgment and quash the writ: Kee-
gan v. Sutton, 12 W. N. C. 292.

In McCoombe v. Executors of Hudson, 2 Dall. 73, the attach-
ment was dissolved after judgment was entered.

In view of the severity of the remedy of foreign attachment
the courts have exercised the largest powers to protect the
rights of those in interest: Sergeant on Attachment, 134;
Bushel v. Ins. Co., 15 S. & R. 173, 182.

The uniform practice has been for the attorney to indorse, as
he does on a capias, take bail in such sum: Ins. Co. v. Whit-
ney, 70 Pa. 252.

Where the practice has been long settled under a statute pre-
scribing a mode of doing a certain act a re-enactment of the
statute in the same words should be construed as approving and
confirming the practice, unless entirely clear that such practice
is defective in the very substance and requirements of the law:
Brock v. Brock, 18 Phila. 289; Shriver v. Harbaugh, 37 Pa. 401.

The provision for the entry of bail to dissolve is for the ben-
efit of the defendant, enabling him to obtain the release of his
goods, detention of which may be working a grievous and seri-
ous injury.

In Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187, RICE, P. J.,
says: " The court will inquire into the cause of action on for-
eign attachment in the same manner as on a capias when the
defendant's person is taken into custody and for similar reasons."

Proceedings to quash or dissolve attachments under the Act of March 17, 1869, P. L. 8, are analogous to those under the Act of June 13, 1836, P. L. 568 : Parks v. Watts, 112 Pa. 4; Miller v. Hulme, 126 Pa. 277.

*Harry C. Cope*, with him *J. B. Kemerer*, for appellee.—Appellant did not deny the debt; did not ask to have the judgment by default opened, in order to give bail to dissolve ; did not even offer that, if judgment were opened, bail would be given, but asked the court below to quash the writ of foreign attachment for the reason that the amount of bail to dissolve was not named in the præcipe, nor indorsed upon the writ or the record.

Judgment having already been properly entered, it was too late to move to quash the writ of attachment : Whiteside v. Oakman, 1 Dallas, 294.

Even if the act should apply, and were there some slight irregularity in the proceedings, why should this court reverse the court below for not doing that which appellant never asked the court to do ? The prayer of the petition is not to open or set aside the judgment, but merely to quash the writ.

Appellant's contention is that the expression " at and after the third term of court after the execution of the writ," in the the Act of May 10, 1889, P. L. 183, means that thereby no judgment for default of appearance can be entered until the third term after the return day of the writ. The practice of the courts, as well as the clear reading of the statute itself shows that this is not correct : Collins v. Walker, 6 W. N. C. 175.

In Shuster v. Bonner, 7 W. N. C. 17, the writ was issued September 14, 1878, returnable the third Monday of September. The sheriff did not serve the attachment however, until on the return day of the writ : Melloy v. Burtis, 124 Pa. 161.

In Lane v. White, 140 Pa. 99, two writs were served on garnishees on March 29, 1889, and judgment was entered on December 7, 1889. The first term after the execution of these writs was June term ; the second was September term, and the third was December term. Judgment was entered December 7, 1889.

The refusal of the court to quash a writ of foreign attachment is not reviewable by the Supreme Court : First Nat. Bank

of Omaha v. Crosby, 179 Pa. 63; Laird's Appeal, 2 Pa. Superior Ct. 205, 300; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187.

Appellant contends as his reason why this writ should have been quashed, that the amount of bail required was not indorsed upon the præcipe nor upon the writ.

But where is it required that bail shall be indorsed upon the præcipe or upon the writ, or what occasion is there for so doing? .

The Supreme Court will not reverse for an error which does no harm: Malone & Son v. Railroad Co., 157 Pa. 430; Patterson v. Gas Co., 172 Pa. 554.

OPINION BY SMITH, J., January 18, 1899:

This action of assumpsit was commenced April 22, 1897, by a writ of foreign attachment returnable the second Monday of May, which was duly served on one garnishee April 23, and on another May 1, 1897. Judgment was entered against the defendant September 20, 1897, for want of an appearance and answer. On application, the same day, the court granted a rule to show cause why the attachment should not be quashed and the judgment opened and set aside. On November 29 the rule was discharged. There are six terms of court each year, commencing the second Mondays of January, March, May, July, September and November, and this action was brought to the May term.

It was contended here, on two grounds, that the court erred in discharging the rule: First, that the judgment was prematurely entered, and second, that the writ should have been quashed because no bail was inserted in the præcipe or indorsed on the writ or the record. By the 53d section of the act of 1836, it is provided that "it shall be lawful for the plaintiff at and after the third term of court after the execution of the writ, if he shall have filed his declaration, to take judgment against the defendant for default of appearance, unless the attachment before that time be dissolved." This was afterward modified as to the time of filing the declaration, but the modification does not affect the present case. In support of the first ground of complaint it is argued that " the writ was not fully executed until the return was made on the return day; . . . . that in contemplation of law the return day is the time of the execution of the writ," and, therefore, the defendant

was entitled to two full terms after the May term, in which to appear and prevent judgment by default. The argument is obscure, due evidently to a confusion of terms and a misunderstanding of what constitutes " the execution of a writ," " the return of a writ," and the time when return should be made. The return of a writ is no part of its execution, no matter when made. " To execute a writ is to do the act commanded in the writ: " Bouvier. The officer is given until the return day to execute process, and is then required to inform the court how he performed his duty. But the return is no part of the execution of the writ. It is simply an account or report of the manner of its execution, rendered to the court whence it issued and is usually indorsed thereon. This return of the writ is made when nothing has been done toward its execution as well as when its mandate has been obeyed; and becomes important to explain or excuse its nonexecution. An official return of process is prima facie proof of the manner of its execution, and is often made after as well as before the return day. But it is descriptive of that act only. A writ executed but not returned may be shown, by other evidence, to have been duly executed: Smull v. Mickley, 1 Rawle, 95; Hinds v. Scott, 11 Pa. 19; Gibson v. Winslow, 38 Pa. 49; Kelly v. Green, 53 Pa. 302. The act of June 13, 1836, sec. 48, expressly states how " the attachment shall be executed." According to the sheriff's return the acts required by the statute to constitute an execution of the attachment had been performed and completed on May 1. It is clear, therefore, that the writ in the present case was duly executed before the commencement of May term, and the judgment was properly entered at the September term, which was the third term after such execution.

The other objection raised " that no bail was inserted in the præcipe or indorsed on the writ or the record," is sufficiently disposed of in the opinion of the learned court below, discharging the rule: " Conceding that this omission is a departure from the almost universal practice, we cannot see how the defendant has been prejudiced by it. It did not deprive the defendant of the privilege of entering bail in such sum as the court or judge might name, and it is safe to say that this sum would not exceed the sum named, by at least a malicious plaintiff.

Indeed, the practice of stating the amounts of bail demanded in the præcipe seems to be rather for the protection of plaintiffs, than of defendant. When the amount is thus stated and indorsed on the writ, it is notice to the judge not to accept bail in a less amount without notice to the plaintiff, which is probably the reason of the practice." It is nowhere alleged that the defendant offered to enter bail or desired to do so; and as the learned judge said no injury accrued.

Judgment affirmed.