Horowitz et al. v. Rosenzweig, Appellant.

Argued October 17, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Meyer Emil Maurer,* and with him *Edward Davis,* of *Hirschwald, Goff and Davis,* for appellant.—A book account consisting of copies of original invoices and of credit bills is not self-sustaining: Cooper v. Morrel, 4 Yeates 341; Jones v. Markley, 92 Pa. Superior Ct. 352; Corr. v. Sellers, 100 Pa. 169.

*Michael Edelman,* and with him *Edward Stone* of *Aarons, Weinstein and Stone,* for appellees, cited: Ruthrauff v. Hagenbuch, 58 Pa. 103; Com. v. Banker Bros. Co., 38 Pa. Superior Ct. 101; Gordesky v. Gins-

burg, 82 Pa. Superior Ct. 203; A. & S. Wilson Co. v. Reighard, 230 Pa. 141.

OPINION BY TREXLER, J., January 25, 1929:

This was an action of assumpsit for goods sold and delivered. Plaintiff asserted that Rose had just gone through bankruptcy and desired to have some goods and that the plaintiff agreed to ship them if there was a responsible party to pay for them; that Rosenzweig, the defendant, came and said "I will pay for goods shipped to Joseph E. Rose." The defendant denied making the promise and his liability for the goods was the only question in the case and was decided adversely to him by the trial judge who sat without a jury.

Objection was made to the admission of a memorandum, being a copy of the book of original entry. The dispute was not to the amount of plaintiff's claim, but to defendant's liability for the same. There was a question asked of the plaintiff why the copies of the invoices produced at the trial by the plaintiff were made out to Rosenzweig, the defendant, and the copies in the possession of the defendant showed them to be made out directly to Joseph Rose. This may have been proper, but its refusal was not material error. The court had both sets of bills and the variance between them was evident to the trial judge. The objection was well taken to the question asked of Rose, the party who received the goods, as to whom the merchandise was sold. He was competent to state what he knew about the facts in the case, but the question asked him to state a conclusion.

We find no merit in any of the assignments. They are overruled and the judgment is affirmed.