## Esposito, Administratrix, v. Esposito et al.

*Margiotti, Gillespie & Pugliese,* for plaintiff; *W. N. Conrad,* for defendants.

HARVEY, P. J., 18th judicial district, specially presiding, May 10, 1929.—This comes before us upon rule to show cause on petition to open judgment and stay execution upon writ of *fieri facias* in the hands of the Sheriff of Jefferson County.

From the pleadings, the papers on file and the testimony we find as follows, viz.:

Dec. 14, 1928. Plaintiff, by her attorney, filed a statement of claim against defendants, averring the taking and retention of certain property therein set out belonging to the estate of Joe Esposito, deceased, of which she is administratrix.

Dec. 15, 1928. Common appearance for, and acceptance of service of statement of claim by, defendants filed by Messrs. Margiotti, Gillespie & Pugliese, attorneys.

Jan. 1, 1929. Upon præcipe filed by Messrs. Margiotti, Gillespie & Pugliese the prothonotary entered judgment against the defendants upon default of answer to statement of claim filed Dec. 15, 1928.

Jan. 15, 1929. Præcipe for writ of *fieri facias* on judgment entered Jan. 1, 1929, filed. Writ issued and placed in the hands of the sheriff and levy made thereon and advertisement made for a sale of the property levied upon Jan. 26, 1929.

Jan. 23, 1929. Petition to open the judgment and the writ of execution stayed pending further order of the court presented before F. L. Harvey, President Judge of Clarion County, 18th Judicial District, Judge William T. Darr, of Jefferson County, being absent upon assignment to serve in another district.

Rule to show cause granted, returnable current argument list, without prejudice to any valid lien.

Jan. 31, 1929. Answer to rule to open judgment and stay *fieri facias* filed.

Jan. 31, 1929. Petition to revoke or otherwise modify the order of Jan. 23, 1929, filed by plaintiff, upon which an order was made modifying the rule entered Jan. 23, 1929, fixing a day for hearing, to wit, Feb. 9, 1929, at 10 o'clock A. M.

Feb. —, 1929. Defendants filed motion to amend the petition to open judgment and stay writ of *fieri facias*.

### Statement of the case.

May 25, 1928. Plaintiff, by her attorneys, filed a præcipe for writ of replevin against Frank Esposito, Genero Esposito, Anna Esposito De Nardo and Susie Lanzoni for a certain Buick sedan automobile, one black and white automobile blanket and one Nashua plaid blanket, with an affidavit of value, to wit, automobile, $700; black and white blanket, $10; Nashua plaid blanket, $5. At same time replevin bond in the sum of $1500 filed and duly approved by the prothonotary.

May 25, 1928. Writ of replevin issued and placed in the hands of the Sheriff of Jefferson County.

June 7, 1928. Counter-bond filed by Anna De Nardo (name "W. N. Conrad" typewritten on back thereof) in the sum of $1400, conditioned upon her ability to maintain title to the goods and chattels replevied; should she fail to successfully maintain title, then to pay the value of the goods and chattels aforesaid, together with all legal costs, fees and damages which the plaintiffs or other persons to whom such goods and chattels so replevied belong may sustain by reason of the issuance of said writ of replevin. 'Bond approved.

June 28, 1928. Return by J. B. Allebach, sheriff, of execution June 4, 1928, of writ of replevin issued, and taking possession of the goods and chattels replevied and the holding thereof until June 7, 1928, when the counter-bond was filed and the said goods were returned to the defendants.

Statement of claim averring the purchase of the automobile and robes by Joe Esposito and his ownership therein, and that the same were the property

of his estate, of which Julia Esposito is administratrix, filed Dec. 14, 1928, upon which suit is brought; the proceedings subsequent as above set forth.

## Discussion.

In the arguments of counsel upon this matter, the rule of court and the practice pursued in cases such as this have been adverted to. Would any court be warranted in approving practices not set out in, or sanctioned by, the rules of court, or contrary to its rules, even if followed for a considerable period of time? We think not. Sitting specially in this case we must follow the rules applicable thereto as we find and construe them.

Re: Rules of Court: "Rule 187. Appearances shall be entered and marked on the margin of the record of the case by the attorney in his own handwriting or by a written order to the prothonotary endorsed and filed in the case, the time of the filing the same to be endorsed thereon."

Præcipe for replevin, the beginning of the suit, was filed May 25, 1928, together with bond. On June 7, 1928, a counter-bond, executed by Anna De Nardo and Paul Lanzoni, was filed. On the back of the counter-bond is typewritten the name "W. N. Conrad." That and nothing more, nor was the name W. N. Conrad "entered or marked on the record of the case by the attorney in his own handwriting or by written order to the prothonotary endorsed and filed in the case," as prescribed in Rule 187. The matter laid until statement of claim was filed Dec. 14, 1928. The defendants were duly summoned to appear the last Monday of June, 1928, to answer. While a counter-bond was filed June 7, 1928, no appearance for the defendants by attorney was entered upon the records. Was the name of Mr. Conrad, typewritten on the back of the counter-bond, intended as an "appearance" for defendants? If so, it was clearly a failure to observe the provisions of Rule 187. Rules are made for the due and orderly conduct of the business of the courts. When an appearance is sought to be entered by an attorney in Jefferson County practice, the burden is explicitly placed upon him to enter it in the manner set out under Rule 187. To fail to do it leads to conditions and situations as existing in this case. Whatever the custom or usage, if any, or courtesies obtain between attorneys in practice in Jefferson County contravening the rules of court, when the rules are appealed to as in this matter we feel constrained to hold to the rules. Therefore, we must hold that the name "W. N. Conrad" on the back of the counter-bond filed does not comply with the requirements as to his appearance as attorney in the case at that time. However, was the entry of the counter-bond by defendant an "appearance?" The word "appearance" in law signifies the act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court. It is the first act of defendant in court: 4 Corpus Juris, § 1, page 1314. "A defendant may appear in person or by counsel. If he appears by counsel, the latter causes his name to be entered on the record. It is not necessary, however, that the defendant should formally appear personally or by counsel to give the court jurisdiction and to make him amenable to its order, decree or judgment. He will be regarded as having appeared if he gives bail to the action, etc.:" McCullough v. Railway Mail Ass'n, 225 Pa. 118. "When he appears generally for any purpose, he is in court for all purposes:" Ruhland v. Alexander, 19 Pa. C. C. Reps. 577. Giving of a replevy bond conditioned to pay the amount of the judgment and costs recovered operates to make defendant a party to the suit: Blyler v. Kline, 64 Pa. 130, 4 Corpus Juris, § 25, page 1331. Cases noted under "75." We feel that the filing of the counter-bond June 7, 1928, being before the return-day of the writ,

puts the defendant within the jurisdiction of the court, is in effect an appearance and would require a service of the declaration or statement of claim upon the defendant before judgment could be entered. So holding, it necessarily follows that the entry of the "common appearance" for defendants by attorneys for plaintiff Dec. 15, 1928, their "acceptance of service" and the judgment by default entered against the defendants for want of an affidavit of defense are all of non-effect.

The prayer of petitioners is to *open said judgment*, "set aside the said common appearance," "acceptance of service" and "præcipe for judgment by default for want of an affidavit of defense," "quash said levy and stay the sale of said property levied upon."

Holding, as we have done, that the proceedings as to common appearance and acceptance of service thereunder filed Dec. 15, 1928, are of non-effect, we might, under the prayer in the petition, decree that the judgment entered pursuant thereto be opened, thus returning the whole matter for adjudication upon such defenses as the defendants may conclude to make, but, inasmuch as the prayer of the petition further asks the common appearance, acceptance of service and præcipe for judgment by default, etc., be *set aside*, which if done would render the judgment entered null, we feel that the issues here involved in the case may all be properly and orderly disposed of by the following decree to be entered in the matter, to wit:

And now, May 10, 1929, after hearing arguments of counsel, a careful review of briefs filed and the citations therein made, upon due consideration, rule to show cause is made absolute. And it is hereby ordered and decreed that the common appearance, acceptance of service and præcipe for judgment by default for want of an affidavit of defense be and are hereby set aside; the judgment entered declared and is null, and the writ and levy made pursuant to said judgment be and is quashed.

From Raymond E. Brown, Brookville, Pa.