## Baker v. Haycox Company, Inc., et al.

*J. De Haven Ledward* and *Henry G. Sweney,* for plaintiff.

*Kingsley Montgomery* and *Taylor, Chadwick & Weeks,* for defendants.

MacDade, J., July 22, 1930.—The plaintiff issued a writ of foreign attachment in assumpsit, being a proceeding partly in rem and partly in personam (Coleman's Appeal, 75 Pa. 441), on October 26, 1928, and the sheriff in execution of such writ attached certain moneys, credits and interests of the defendant, Haycox Company, Inc., in the hands, possession or control of the

Ford Motor Company, and served the statement of claim on October 29, 1928; the sheriff so returned his writ and in addition thereto returned the said writ "*nihil habet*" as to Haycox Company, Inc.

This writ, which is not an action, was returnable the first Monday of December, 1928: Allen *v*. Allen, 23 W. N. C. 371.

A verdict was rendered for the plaintiff after a trial upon the merits of the case (the defendant being present with its witnesses and offering testimony in support of its defense) on May 13, 1930, in the sum of $7781.05, the trial, therefore, taking place more than the third regular term of the court after the execution of the writ, the said execution being on October 29, 1928. This is what the Act of 1836 provides; and consequently the following terms of court passed, namely, March, June, September and December, 1929, and March, 1930: Wallace *v*. Scholl, 9 Pa. Superior Ct. 284.

However, the defendant entered its appearance on April 4, 1929, and we can thus disregard the term days and proceed against the defendant as in an action of assumpsit, the plaintiff having already filed his declaration: Stockham *v*. Boyd, 22 W. N. C. 118.

Foreign attachment will lie in an action in debt, as in the instant case, this being an effort upon the part of the plaintiff to recover the sum of $7540.36, with interest, from the defendant for work done and material furnished under certain oral and written contracts entered into between the said parties and as to which the defendant practically admits in the affidavit of defense and the amended affidavit of defense filed that it owes the plaintiff the sum of $4312, because the defendant admitted the contract price of $14,000, but averred it was entitled to a credit of $1800, which, added to the sum of $7888 already paid on account, made a total credit of $9688, leaving the sum of $4312 as a balance: Victor *v*. Abrams, 13 Pa. C. C. 298.

The defendant herein entered no bail but entered its appearance and filed the pleadings as aforesaid as in assumpsit and proceeded to trial upon the merits of its defense.

This was proper after an appearance, for then the action proceeds as if commenced by summons (Lindsley *v*. Malone, 23 Pa. 24), and the effect of an appearance was to change the nature of the proceedings from a pure proceeding "in rem" to a mixed proceeding "in rem et in personam" (Dullett *v*. Creighton, 4 Tr. & H. Prac. (6th ed.) 3037), and the defendant must file an affidavit of defense, which was done here (Wing *v*. Bradner, 162 Pa. 72), and where a judgment is formally entered upon the verdict herein it will have the same effect as if the suit had been commenced by summons: Blyler *v*. Kline, 64 Pa. 130. The verdict being adverse to the defendant, he filed a motion for a new trial and assigned the following reasons therefor: "(1) The verdict of the jury was against the evidence; (2) the verdict of the jury was against the law; (3) the verdict of the jury was excessive; (4) the remarks of counsel for the plaintiff to the jury of matters not in evidence; (5) the remarks of counsel for the plaintiff in stating to the jury the date, number and term of the commencement of the attachment proceedings in the above case, which were not offered in evidence during the trial of the cause and no part thereof; (6) the learned court erred in sending out with the jury the books of accounts of the plaintiff."

This matter came on for argument and it developed there that the real reason advanced for a new trial was the excessive verdict, particularly that the sum of $754 as interest was included in the verdict. There was no objection to the court's charge and indeed there were no requests for instructions: Dangelo *v*. Lehr, 32 Dauph. Co. 297.

The defendant, therefore, should not complain of error at the trial if it did not object to any remarks of counsel as to evidence nor to the action of the court in admitting books of account: Faller v. Russ, 33 Dauph. Co. 190.

As to the first objection, there was no request for the withdrawal of a juror after objection made. This must be done: Donahue v. Borough, 298 Pa. 77.

And, as to the latter, any admission of a book of account was not as a book of original entry but rather as corroborative of what the plaintiff and his witnesses had testified orally. This is a correct ruling of the court if that is the objection. In any event, our attention was not called to the same when we were charging the jury, and we requested further instructions or any corrections and we heard none. It would have been error not to have admitted the book account. It was undenied and the reasonableness of the prices charged is denied only: Clifford v. Hicks, 95 Pa. Superior Ct. 182; Horowitz v. Rosenzweig, 95 Pa. Superior Ct. 212.

Where the testimony is conflicting, a new trial will not be granted, as the case is for the jury: Holden v. Tollin, 20 Del. Co. 376.

Where the evidence of the parties has been fairly and adequately submitted to the jury by the trial judge, a new trial will not be granted because the court may not agree with the conclusion which the jury reached on the question of fact. If the evidence is contradictory and conflicting, the case is for the jury: Kolota v. Grushewski, 20 Del. Co. 615; Richards v. Phila. R. T. Co., 299 Pa. 163.

It was fairly submitted to the jury and their attention called to the conflict, and this being so and the evidence conflicting, a new trial will not be granted: Shockley v. Althouse, 20 Berks Co. 225.

It was purely a question of fact which the jury might have determined either way. It found the facts adversely to defendant and the verdict must stand: Loper v. Gensler, 99 Pa. Superior Ct. 44; Young & Young v. Rhoads, 42 York Co. 121.

Upon the subject of an excessive verdict, a new trial will not be granted unless the jury have capriciously disregarded the evidence and the verdict shocks the conscience of the court: Young v. Pearl, 21 North. 188.

We fail to see in the case at bar where the jury capriciously disregarded the evidence, and we are quite sure that our conscience is not a bit troubled; however, to ease up the situation for the defendant, and the credit really therefor may be attributed to the magnanimity of the plaintiff who agreed at bar to abate the interest—for it is true that the writ of foreign attachment was executed on October 29, 1928, and no settlement could be made, therefore, between the defendant and the garnishee thereafter.

## Order.

And now, July 22, 1930, the above matter of a motion for a new trial coming on to be heard by the court in banc, together with oral argument, after due consideration thereof, the court doth order and decree that the said motion for a new trial be and is hereby dismissed, provided that the said motion shall become effective when the plaintiff shall have filed of record a remittitur abating from the verdict rendered herein the sum of $754 included in said verdict as interest, thus reducing the verdict of the jury to the sum of $7027.05, as to which latter sum, when said remittitur is lodged aforesaid, the prothonotary be and is hereby ordered and directed to enter judgment upon the verdict in favor of the plaintiff and against the defendant in the sum of $7027.05 sec. reg. et sec. leg.

From William R. Toal, Media, Pa.