Statement of Facts.

141     575
23 SC ² 94

# WM. MacGEORGE v. CHEMICAL MFG. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued April 3, 1891—Decided April 13, 1891.

1. A sheriff's return of a summons against a limited partnership, organized under the act of June 2, 1874, P. L. 271, as served by giving a true and attested copy thereof to a " superintendent and agent " of the company, and making known to him the contents thereof, is a good return : Act of June 10, 1881, P. L. 115.
2. A good return of service is conclusive upon the defendant ; if it be false, the sheriff is responsible therefor.  Moreover, a defective service is cured by the appearance of the defendant and the filing of an affidavit of defence.  After that, it is too late for the defendant to allege he is not in court.
3. In an action by a bona fide holder against a limited partnership, as the indorser of a note the proceeds of which were received by the company, an affidavit of defence averring that the secretary of the company had no authority to indorse the note for the company, is insufficient to prevent summary judgment.
4. A member of a limited partnership suing the company upon a note indorsed by it, is not suing as a partner, but as a creditor ; not for dividends or profits, but for a debt due by the company ; and an objection that, because the plaintiff is a member of the defendant firm, the action will not lie, is without merit.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 193 January Term 1891, Sup. Ct. ; court below, No. 436 December Term 1889, C. P. No. 4.

On December 16, 1889, William MacGeorge, Jr., brought assumpsit against the Harrison Chemical Manufacturing Co., Limited, filing a statement of claim to recover as the holder for value of a note, duly protested for non-payment, of which the following was a copy :

$300.          PHILADELPHIA, PA., June 11, 1889.

Three months after date I promise to pay to the order of the Harrison Chemical Manufacturing Company, Limited, Three hundred dollars, with interest, value received, payable at 1324 Girard Avenue.

Statement of Facts.

No. 1542.   Due September 11, 14, 1889.   Henry W. Scott.

[Indorsed,] Harrison Chemical Manufacturing Company, Limited.          •          W. Spooner, Secretary.

On December 23, 1889, the writ was returned by the sheriff as follows: " Served the Harrison Chemical Manufacturing Company, Limited, by giving, on December 23, 1889, a true and attested copy of the within writ to E. J. Harrison, superintendent and agent of said company, and making known to him the contents thereof; so answers " etc.

On January 6, 1890, upon an affidavit made by E. J. Harrison setting forth certain facts as to the service of the writ upon him, when at the office of the company in Philadelphia, and that he was the superintendent of the manufacture of the goods at the factories of the company in New Jersey, having the oversight of that department, and that his wages were fixed by the board of managers, a rule was granted to show cause why the service of the summons should not be set aside. On January 18th, after argument, the rule was discharged.

On the same day, January 18th, the defendant company filed an affidavit of defence, sworn to by said E. J. Harrison, averring as follows :

" This affiant deposes and says, that since the formation of the partnership association, he has been employed as a workman at a weekly salary, and superintends the making of the ' polishing powder' goods of the company, at the factory belonging to the association at Franklynville, Gloucester county, New Jersey. . . . .

" This deponent has never been and is not, an agent, chief or other clerk, nor a director or manager of said association.

" Deponent further says he has examined the books of the company, and finds there is an entry by the secretary, March 9th last, ' Cash received, $200,' and March 16th, ' Cash received, $100,' which sums are credited to Percy MacGeorge, but there is no entry of any credit to William MacGeorge, Jr.   And in depositions recently taken and filed of record, in a controversy between Percy MacGeorge against the company, the secretary testified ' that the note of Henry W. Scott, dated June 11, 1889, at three months, in favor of the Harrison Chemical Manufacturing Company, Limited, for $300, was given to the company by Mr. Scott as an accommodation note, and the money received

on it, or upon the original note if this is a renewal, was advanced
by William MacGeorge, Jr., through the intervention of Percy
MacGeorge.   This $300 note was indorsed by me as secretary
of the company.   I was present at the organization of the com-
pany, whose articles of association declare that the partnership
association shall not be bail, security or indorser, or loan its
name or credit to any party whatsoever.'

"Deponent was conversant with the facts at the time, that
these $200 and $100 cash from Percy MacGeorge, comprised
the $300 Scott accommodation note, now sued upon by the
plaintiff, William MacGeorge, Jr., and which Scott note is in-
dorsed, 'Harrison Chemical Manufacturing Company, Limited,
W. Spooner, Secretary.'   Deponent has carefully examined
each and every minute of the proceedings of the board of man-
agers and of the shareholders, and there is no mention or allu-
sion to any authority whatever by them, either to the secretary
or to any one else, authorizing an indorsement by the company
of said note or of any other note, and there is no by-law of the
company giving any power to the secretary to indorse notes
in the name of the company.   Deponent further says that both
Percy MacGeorge and William MacGeorge, Jr., and Henry
W. Scott were each of them, previous to the making of this
Scott accommodation note in question, and each of them still
remains, a member of the partnership.

"And it is respectfully suggested by counsel to the court,
that the present suit, to adjust a partnership account and to
collect the same in assumpsit by one partner against all the
other partners, is invalid."

A supplemental affidavit of defence, permitted to be filed,
averred some of the foregoing facts more specifically.

After argument of a rule for judgment for want of a suffi-
cient affidavit of defence, the court, ARNOLD, J., on February
8, 1890, filed the following opinion :

This is an action against the defendant as indorser of a
promissory note made by Henry W. Scott, in favor of the de-
fendant, dated June 11, 1889, for $300, in three months after
the date thereof.   The chief defence is that the plaintiff is a
member of the association defendant, and it is urged that he
cannot sue the partnership association of which he is a member

Opinion of Court below.

in an action at law, but must resort to a bill in equity for an account.

A short comprehensive name or phrase descriptive of the status, powers, and responsibilities of associations like the defendant, does not yet appear to be agreed upon. They are called partnership associations, limited, in the statute authorizing their formation, the act of June 2, 1874, P. L. 271. Mr. Brightly in his Digest, designates them as joint-stock companies. Chief Justice MERCUR, in the case of Oak Ridge Coal Co. v. Rogers, 108 Pa. 147, says it may not be improper to call such an association a quasi corporation; and Justice WILLIAMS, in Hill v. Stetler, 127 Pa. 161, calls them joint-stock associations, having some of the characteristics of a partnership and some of a corporation. When properly formed, the promoters cease to act as individuals or partners, but through and in the name and upon the credit of the "joint-stock association."

We now have in this state, partnerships pure and simple, in which each partner is liable for all the indebtedness of the firm; special partnerships under the act of March 21, 1836, P. L. 143, having general partners with unlimited liability, and special partners with limited liability; partnership associations, limited, composed of members, unincorporated associations, also composed of members for beneficial purposes; and corporations composed of stockholders. The points of similarity between partnership associations, limited, and corporations, are that both are permitted to have and attest some of their acts by a seal; are governed by managers or directors; may sue and be sued by their association or corporation name; and the members or stockholders are not liable individually for the debts of the concern as general partners are. The chief point of difference between them is that, while a corporation cannot refuse to permit a transfer on its books of shares of its stock to any purchaser thereof, a partnership association, limited, can except according to its rules: § 4, act of June 2, 1874, P. L. 272; Eliot v. Himrod, 108 Pa. 569.

The right to have and use a seal was conferred upon partnership associations, limited, by the act of February 18, 1875, P. L. 3, and the right to sue and be sued in their association name, by § 3, act of May 1, 1876, P. L. 89. This last cited act removed all the objections which were urged in argument

Arguments.

against a partner suing the partnership association, limited, of which he is a member, or suing himself, as it is said. But after all, that objection is more technical than substantial. A member of two firms may appear in an action between them, as plaintiff and defendant: Act of April 14, 1838, P. L, 457. So a husband, joined with his wife in her suit (prior to the Married Persons' Property Act of June 3, 1887, P. L. 332), could sue a firm of which he is a member, thus making a suit by a partner against his copartners, and by a wife against her husband: Freiler v. Kear, 126 Pa. 470. The reason is that a firm, partnership, or association is one entity, and each partner or member is another entity. Suits by individual members of unincorporated beneficial associations against the officers and members thereof, are numerous and frequent, although the individual liability of the members was abolished by the act of April 28, 1876, P. L. 53, and the funds of the association alone made liable for the benefits.

We have no difficulty in sustaining the present action, as the act of May 1, 1876, before cited, removes all technical objections, and, as to substantial objections there are none. The plaintiff sues, not as a partner for dividends or profits, but as a creditor for a debt due by the association, just as he can sue a corporation in which he is a stockholder. If suits such as this will enable one partner to sell out the concern, so will suits by a stranger.

The objection that the secretary of the defendant association had no power to indorse the note in suit, would be of some avail, were it not admitted that the defendant received the proceeds of the note. It cannot be permitted to take the benefit of his act and then deny his authority to do the act.

Rule absolute.

—Judgment for the plaintiff having been liquidated at $314.06, the defendant company took this appeal, specifying that the court erred:

1. In entering judgment for the plaintiff for want of a sufficient affidavit of defence.

2. In discharging the rule to set aside the service of the summons.

*Mr. Edward Brady,* for the appellant.

*Mr. Isaac Elwell*, for the appellee.

PER CURIAM:

We need not discuss the refusal of the court below to set aside the service of the summons. The return of the sheriff shows a good service; if the return is false, that officer is responsible. In this proceeding, it is conclusive upon the defendant. And if there were a defective service, it is cured by the appearance of the defendant, and the filing of an affidavit of defence. It is too late for the company to contend that it is not in court.

We think judgment was properly entered for want of a sufficient affidavit of defence. Granted that the secretary of the company had no authority to indorse the note in suit, yet the record shows that the company received the proceeds. There is a line of cases which hold that a person cannot repudiate the authority of his agent, and yet enjoy the benefit of his act. This case comes directly within the reason of the rule.

The position that this action cannot be sustained, because the plaintiff is a member of the limited partnership, is without merit. It is sufficient to say that he was not suing as a partner, but as a creditor, and not for dividends or profits of the business, but for a debt due by the company.

Judgment affirmed.