## Wing v. Bradner, Appellant.

[Marked to be reported.]

*Foreign attachment—Affidavit of defence—Appearance—Practice, C. P.— Act of June 13, 1836—Act of May 25, 1887.*

Under the act of ·May 25, 1887, P. L. 271, an affidavit of defence is required in an action of assumpsit commenced by foreign attachment where the defendant has entered a general appearance.

*Action upon foreign judgment—Affidavit of defence.*

In an action upon a foreign judgment begun by a foreign attachment an affidavit of defence is required to prevent judgment, where the defendant has entered a general appearance.

*Assignment for the benefit of creditors—Foreign attachment—Nonresidents—Priority of lien.*

Where plaintiff and defendant in a foreign attachment both reside in another state, and the defendant has there made a deed of assignment for the benefit of creditors, which has been duly recorded, or of which the plaintiff had notice, he cannot afterwards bring foreign attachment in this state and thus obtain a preference over the general creditors in the state of the residence of both the parties, but this is a matter which affects the regularity of the attachment and is cured by a general appearance and defence made.

In such a case where an appearance is entered and judgment obtained, the plaintiff does not obtain any priority of lien on the property attached, as the title to such property has already passed to the assignee in the other state.

Argued May 1, 1894.    Appeal, No. 12, Jan. T., 1894, by defendant, Alonzo Bradner, from order of C. P. Warren Co., Sept. T., 1892, No. 5, entering judgment in favor of plaintiff, Horace Wing.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.    Affirmed.

Foreign attachment.

From the record it appeared that on January 14, 1885, plaintiff recovered a judgment against defendant in New York. A copy of the record of this judgment was filed with plaintiff's statement in the present case, and as part thereof. On June 3, 1884, Alonzo Bradner made an assignment for the benefit of creditors. This assignment was recorded in New York and also in Warren county, Pennsylvania. Both plaintiff and defendant were residents of New York. Defendant owned real estate in Warren county, Pennsylvania.

Defendant moved to dissolve the attachment, filing the following affidavit in support of the motion:

" Alonzo Bradner being duly sworn saith that both parties, plaintiff and defendant in this case, resided in the county of Livingston, state of New York, at the time this attachment was issued, and still reside there. That the plaintiff had actual notice of the assignment by myself for the benefit of my creditors hereinafter referred to. That the said assignment and supplement thereto was recorded in the county of Livingston on the 4th day of June, 1884, and on the 30th day of June, 1884, and was recorded in Warren county on the 28th day of December, 1892, and on the 28th day of December, 1892, and the record of said assignment is made part of this affidavit."

On March 16, 1893, a rule was granted on plaintiff for security for costs, which was discharged Sept. 8, 1893.

On March 31, 1893, plaintiff moved the court to discharge the rule to dissolve the attachment. Pending this rule defendant filed an affidavit of defence setting forth:

1st. That the action is commenced by a foreign attachment and no affidavit of defence is required.

2d. That both the plaintiff and the defendant resided in the state of New York at the time this action was commenced, and the plaintiff cannot sustain an action of foreign attachment where an assignment for the benefit of creditors which was made in the state of New York, prior to the attachment, is in controversy.

3d. The statement of the claim as filed by the plaintiff does not contain the certificate of a judge, chief justice or presiding magistrate that the attestation of the clerk is in due form as required by the act of Congress.

NOYES, P. J., filed the following opinions:

" The rule to show cause why the attachment should not be dissolved was improvidently granted and must be stricken off. The affidavit upon which it was obtained does not deny the defendant's ownership of the land attached· at the time the attachment was served, nor aver any facts inconsistent therewith. Even if it did distinctly aver that the title was not in the defendant but in the assignee for the benefit of creditors, no ground for dissolving the attachment at the instance of the defendant

would be disclosed.   The assignee has not intervened and would not be bound by any decision as to the title which we might make in the present state of the record.   Nothing is alleged against the plaintiff's right to his writ, nor the regularity of its issue.   If he had laid his attachment upon property which is not subject to attachment, the question must be raised by the party injured before we can be called upon to determine it. Rule absolute."

" Rule for judgment for want of a sufficient affidavit of defence.

" Concurring with the common pleas of Phila. and other counties, we are of the opinion that under the procedure act of 1887 an affidavit of defence is required in an action of assumpsit commenced by foreign attachment, when the defendant has entered a general appearance, and the plaintiff proceeds under that act to obtain it.   That the procedure in such an action is regulated by the act is clear, and there is no obstacle to its application in any other law.

" Rule absolute and judgment directed to be entered; amount to be liquidated by the prothonotary."

*Errors assigned* were (1) making absolute rule to strike off rule to show cause why the attachment should not be dissolved; (2) making absolute rule for judgment for want of a sufficient affidavit of defence; (3) discharge of rule on plaintiff for security for costs.

*Charles W. Stone, R. Brown* and *H. E. Brown* with him, for appellant.—The court below, in its opinion on the motion to dissolve the foreign attachment, ignored the long line of cases upon the same subject, beginning with Lowry v. Hall, 2 W. & S. 129, and ending with Long v. Girdwood, 150 Pa. 413. The cases of Bacon v. Horne, 123 Pa. 452, and Long v. Girdwood, supra, decided the question as to the right to a foreign attachment in Pennsylvania, against a foreign debtor who has made a general assignment of all his property for the benefit of his creditors.   See also Bissell v. Briggs, 9 Mass. 468.

The case at bar falls within the line of cases mentioned, which decided that the act of May 3, 1855, P. L. 415, was passed for the benefit of citizens of the state of Pennsylvania, and

that citizens of foreign states are not entitled to its benefits, at least not for the purpose of defeating the laws of their own state : Bacon v. Horne, 123 Pa. 452; Smith's Ap., 117 Pa. 30.

The appearance of counsel does not preclude a motion to dismiss for want of jurisdiction: U. S. v. Yates, 6 Howard, 605; Carroll v. Dorsey, 20 Howard, 204.

Prior to the passage of the procedure act of May 25, 1887, P. L. 271, where an appearance is entered for the defendant in foreign attachment, judgment could not be taken for want of an affidavit of defence : Grant v. Hickcox, 64 Pa. 334.

It is not left to the discretion of the court whether the plaintiff is to give security for costs when a nonresident; it is imperative : Hansen v. Ackley, 2 W. N. 569.

When a defendant, in his affidavit, after stating that the plaintiff is nonresident, avers generally that he has a good defence, the practice of the court is to accept such averment as sufficient: Sheridan v. Cassidy, 1 W. N. 134.

*W. E. Rice, W. D. Hinckley* with him, for appellee.—An attachment may be dissolved on a rule to show cause of action : Vienne v. McCarty, 1 Dallas, 154.

If the proceedings had been irregular, defective or imperfect, the correct practice would have been a motion to quash the attachment: Crawford v. Stewart, 38 Pa. 34; Steel v. Goodwin, 113 Pa. 288; 1 T. & H. Pr., 5th ed., sec. 2269.

A motion to quash being addressed to the discretion of the court, the action of the court on such motion is not reviewable : Brown v. Ridgway, 10 Pa. 42; Lindsley v. Malone, 23 Pa. 24; Holland v. White, 120 Pa. 228; Moock et al. v. Conrad et al., 155 Pa. 586.

After appearance the action proceeds as in assumpsit: Memphis etc. R. R. v. Wilcox, 48 Pa. 161; Blyler v. Kline, 64 Pa. 130.

This was an action of foreign attachment in assumpsit. The defendant having entered a general appearance to the action was bound by the provisions of the procedure act of May 25, 1887, P. L. 271, to file an affidavit of defence: Allen v. Allen, 23 W. N. 371; Smith v. Eyre, 26 W. N. 314; Hubbard v. Dorman, 7 Pa. C. C. R. 384; Brewster, Practice, 82, sec. 85.

OPINION BY MR. JUSTICE GREEN, May 23, 1894:

The only practical question at issue here is, whether the plaintiff is entitled to judgment for want of a sufficient affidavit of defence. It is claimed in the affidavit filed that the action is commenced by a foreign attachment and no affidavit of defence is required, and that an action of foreign attachment cannot be sustained because both parties are residents of the state of New York, where an assignment for benefit of creditors was made before the attachment was issued. To this it is replied that a general appearance was entered for the defendant on March 2, 1893, and thereupon counsel for defendants took various steps by way of defence, and it is contended that after such appearance the case became an ordinary action of assumpsit, to be proceeded with as if commenced by a summons.

The action is assumpsit under our new procedure act, and is founded upon a judgment recovered in New York by the plaintiff against the defendant. By the 64th section of the act of 13th June, 1836, Purd. 828, pl. 584, it is provided that, " It shall be lawful for any defendant in an attachment, instead of giving bail or security, at his election, at any time before judgment obtained in the attachment, to cause an appearance to be entered for him and to take defence to the action, in which case the action shall proceed as if commenced by a summons." In Memphis etc. R. R. Co. v. Wilcox, 48 Pa. 161, we held that it was too late to question the regularity of a foreign attachment after appearing and pleading to the action. Said THOMPSON, J., referring to the reserved points : " The first is, will foreign attachment in covenant lie ? We need not answer that question ; for the defendant having appeared and pleaded to the action, after that it was to be proceeded in as if commenced by summons : Act of 1836, section 64; 2 T. & H. Pr. 685, 686. After appearing and pleading, they cannot contest the regularity of the attachment."

To the same effect is Blyler v. Kline, 64 Pa. 130. As a matter of course in an action upon a foreign judgment, an affidavit of defence is required to prevent judgment, and as this action after appearance entered and defence made is to proceed as if commenced by a summons, there can be no question as to the right of the plaintiff to take judgment if no affidavit of defence is filed.

In Luckenbach v. Anderson, 47 Pa. 123, we held that judgment for want of a sufficient affidavit of defence may be taken in an action of debt in Pennsylvania upon a judgment obtained in the Supreme Court of New York.

It must certainly be conceded that when the plaintiff and defendant both reside in another state, and the defendant has there made a deed of assignment for the benefit of creditors, which has been duly recorded, or of which. the plaintiff had notice, he cannot afterwards bring foreign attachment in our state, and thus obtain a preference over the general creditors in the state of the residence of both the parties: Bacon v. Horne, 123 Pa. 452, and cases there cited. But that is a matter which affects the regularity of the attachment and is cured by a general appearance and defence made.

It would seem therefore that no preference can be obtained by means of the attachment and subsequent proceedings, because, as to such nonresident attaching creditor, the title to the property situated in this state passed by the assignment: Bacon v. Horn, supra; Long v. Girdwood, 150 Pa. 413. These considerations dispose of this case. The affidavit did not disclose any defence on the merits, and therefore the plaintiff was entitled to judgment. But his judgment will not give him any priority of lien on the property attached because the title had already passed to the assignee in New York.

Judgment affirmed.