## William J. Turner, Appellant, v. Milton W. Larkin.

*Appeal—Foreign attachment—Quashing writ on extrinsic evidence—Presumption of regularity.*

A court of record may quash or dissolve a writ of foreign attachment on extrinsic evidence, which cannot be put on the record, and when it so acts the presumption on appeal is that everything was done rightly and according to law. All that is brought up for review on an appeal from an

order quashing a writ is the record, and the affidavits and depositions read on the hearing of the motion are not part of the record.

*Foreign attachment—Motion to quash—Special and general appearances defined.*

A party may appear specially for the purpose of stating an objection without thereby waiving it; he may employ counsel for the purpose of a rule to quash a foreign attachment, and when the record shows that all counsel did which in any way can be regarded as an appearance was limited to taking depositions in support of his rule to quash, the fact that counsel signed the order for taking depositions as attorney for defendant cannot be construed as a general appearance, nor will such effect be given to the fact that the petition for the rule to quash contained a recital of a nonjurisdictional reason "that no statement or declaration had been filed" when the moving reason assigned was residence of defendant within the state.

Argued Nov. 23, 1899. Appeal, No. 149, Oct. T., 1899, by plaintiff, from judgment of C. P. Delaware Co., dissolving writ of foreign attachment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Assumpsit commenced by foreign attachment. Before CLAYTON, P. J.

It appears from the record that on June 19, 1899, the defendant presented a petition for the quashing of the foreign attachment proceeding, on which the court, on the same day, granted a rule on the plaintiff to show cause why the writ of foreign attachment should not be quashed or dissolved. In this petition, the defendant alleged that his residence was within the commonwealth at the time of the issuance of the writ, and "that no statement or declaration has been filed." On June 26, 1899, an order for the entry of a rule for depositions on the above stated rule on behalf of the defendant was filed, in which E. H. Hall, Esq., signed himself as attorney for the defendant. On June 28, 1899, depositions were taken in pursuance of the said rule therefor; these clearly showed that the defendant was a resident of the commonwealth at the time of the issuance of the foreign attachment. On July 10, 1899, the court adjudged that the foreign attachment be dissolved, and that the said depositions be filed of record.

Plaintiff appealed.

*Error assigned* was to the action of the court dissolving the writ of foreign attachment, because it appears of record that a general appearance in the court below was made by defendant, whereby any action for the dissolution of the said writ was waived.

*Thomas James Meagher*, with him *John T. Reynolds*, for appellant.—Assuming that the defendant made a general appearance, he precluded himself thereby from attacking, on the ground that he was a resident of this commonwealth, the validity of the issuance of the foreign attachment: 1 Am. & Eng. Ency. of Law, 183.

The law of Pennsylvania has recognized this general rule from early days. Some of our cases are Stroup v. McClure, 4 Yeates, 523, Kennedy v. Erdman, 150 Pa. 427, Beltzhoover Borough v. Beltzhoover Heirs, 173 Pa. 213, Brinton v. Hogue, 172 Pa. 366, and First National Bank v. Furman, 4 Pa. Superior Ct. 415.

The general effect of a general appearance suffers no exception in a proceeding begun by foreign attachment is a proposition not required to be based on principle only, but has ample authority to support it. In Pennsylvania such authority is both statutory and judicial. The statutory authority for the position mentioned is to be found in section 64 of the Act of June 13, 1836, P. L. 568.

Some Pennsylvania cases enunciating the view here mentioned are Malone v. Lindsley, 1 Phila. 288, Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161, and Wright v. Milliken, 152 Pa. 507.

A general appearance is, as is well known, made whenever there is a submission to the jurisdiction of the court. No formal act is necessary. In this case, no order for the entry of the appearance of the defendant was filed with the prothonotary; but it is submitted that a general appearance was made by him because (1) the petition of the defendant on which the rule to show cause why the foreign attachment should not be quashed or dissolved was granted, contained a nonjurisdictional reason for the quashing of the foreign attachment proceeding, to wit: "that no statement or declaration has been filed," and (2) the order for the entry of the rule for depositions on be-

half of the defendant contained the words, "attorney for defendant," as an addition by E. H. Hall, Esq., to his name: Clark v. Blackwell, 4 G. Greene, 441; St. Louis, etc., Co. v. Stillwater Co., 53 Minn. 129; Frazier v. Douglas, 48 Pac. Rep. 36; Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33; Railway Co. v. McBride, 141 U. S. 127.

The order for the entry of the rule for depositions on behalf of the defendant contained the words, "attorney for defendant," as an addition by E. H. Hall, Esq., to his name, and was therefore equivalent to a general appearance: Baxter v. Arnold, 9 How. Pr. 445; Dole v. Manley, 11 How. Pr. 138; Phelps v. Phelps, 6 Civ. Proc. 117.

So far as the appellant is aware, this question has not been passed on by either of the appellate courts of this commonwealth. It arose, however, in the court of common pleas No. 4, of Philadelphia county, in Pain Co. v. Lincoln Park Co., 6 Pa. Dist. Rep. 93.

*E. H. Hall*, with him *Chas. F. Van Horn*, for appellee.—The counsel for the appellant in their very elaborate argument raise but two questions: 1. Is the case in hand a proper one for review? 2. Has the defendant or his counsel done anything which entitles the plaintiff to maintain his attachment which must otherwise fail? The only question before the court below at the time the attachment was dissolved was the second above mentioned: Holland v. White, 120 Pa. 228.

If there was no such jurisdiction as warranted the writ, this may be set up at any time and nothing the defendant has done will be a waiver of that right: Schuylkill Co. v. Minogue, 160 Pa. 166.

The rules of court in Delaware county do not permit an appearance de bene esse.

In Brock v. Brock, 18 W. N. C. 123, Mr. Justice MITCHELL, then of court of common pleas in Philadelphia, in a foreign attachment case in which the rule was to set aside the service, said: "Defendant has not appeared, and therefore is not entitled to be heard, especially upon a mere technicality." Crowe v. Davis, 33 W. N. C. 103, and Singerly v. Dewees, 6 Pa. Dist. Rep. 92, are to the same effect.

The 64th section of the Act of June 13, 1836, P. L. 568, is

predicated upon the fact that the court had issued the writ in a proper case.   If the writ is not properly issued it does not apply.

The argument of the appellant that the defendant has made a general appearance is fallacious in that he does not distinguish between the jurisdiction of the person and the jurisdiction over the property of a person.

The whole proceeding in the court below, so far as the defendant was concerned, was for the purpose of quashing the writ or dissolving the attachment.   Nothing in the petition or the entry of the rule shows otherwise.

This was all that was done, and has for authority the ruling of your honorable court in Borough of Jeannette v. Roehme, 9 Pa. Superior Ct. 33.   The only other question is as to the signature to the rule for depositions.

The reason for the entry of the rule is found in section 5 of Rule 14 of the courts of Delaware county.

Such then being the rule of court, and the rule also prohibiting appearance de bene esse, and the courts of Philadelphia, where the rules are similar, intimating that they would not hear applications of this kind without an appearance, counsel for defendant was warranted in signing the rule for depositions as it was done.

OPINION BY RICE, P. J., January 17, 1900 :

It is well settled that the court of common pleas has power to dissolve, and according to some precedents, to quash, a writ of foreign attachment upon proof of facts which are not disclosed by the record, as, for example, that the defendant is a resident of the state or that the property is not liable to foreign attachment.   It is equally well settled that where a court of record may quash or dissolve on extrinsic evidence, which cannot be put on the record, the presumption on appeal is that everything was done rightly and according to law.   All that is brought up for review on an appeal from an order quashing the writ is the record, and the affidavits and depositions read on the hearing of the motion are not part of the record.   See Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187, and cases there cited, Little v. Balliette, 9 Pa. Superior Ct. 411 and First Nat. Bank v. Crosby, 179 Pa. 63.

Neither of these propositions is controverted by the appellant's counsel. He does not ask us to review the action of the court below on the merits; indeed he frankly admits that it was clearly shown by the depositions that the defendant was a resident of the state at the time the writ issued. His contention is that by entering a general appearance a defendant precludes himself from attacking the regularity of the writ on the ground of his residence here. He contends further that the defendant in the present case must be deemed to have entered a general appearance for two reasons, which we state in his language. First, because the petition of the defendant, on which the rule to show cause why the foreign attachment should not be quashed or dissolved was granted, contained a nonjurisdictional reason for the quashing of the foreign attachment proceeding, to wit: " that no statement or declaration has been filed." The argument of the plaintiff's counsel in support of this proposition is ingenious, but it has failed to convince us that the principle involved has any application to this case. Without going into a discussion of the general principle it seemed sufficient to say that the petition does not show that the quashing or dissolution of the attachment was asked for the reason above stated. The petition concludes as follows : " Your petitioner, therefore, showing that he was a resident of the state of Pennsylvania at the time said writ issued, and that the plaintiff is not entitled to maintain his suit of foreign attachment, prays that the same may be quashed and further proceedings thereon stayed." This, so far as the record shows, was the reason for which he asked to have the writ quashed or dissolved. If the fact was as stated, it was a sufficient reason, and he did not preclude himself from urging it by merely reciting in his petition the proceedings as shown by the record. This seems too plain for argument.

The second reason urged in support of the plaintiff's contention is, because the order for the entry of the rule for deposition on behalf of the defendant contained the words, " attorney for defendant.," as an addition by E. H. Hall, Esq., to his name. By the rules of court in Delaware county appearances, de bene esse, are not permitted, and on the hearing of rules to show cause, where matters of fact are to be investigated, witnesses will not be examined at bar, except by special order, but

depositions must be taken.   The purpose for which depostions were taken was to establish the fact upon which the rule to show cause was based, and, of course, the defendant had a right to employ counsel to take out a rule for that purpose.   This, so far as the record shows, is all that the counsel did which in any way can be regarded as an appearance.   We hold that this was not sufficient to take the case out of the general rule that a party may appear specially for the purpose of stating an objection without thereby waiving it.

The order is affirmed and the appeal dismissed at the costs of the appellant.