## Keystone Pipe and Supply Co. v. Central Pipe and Supply Co.

*Foreign attachment—Quashing writ—Partnership—Failure to name members of firm—Amendment—Act of May 4, 1852.*

1. A writ of foreign attachment against a partnership will not be quashed because of the failure to name the members of the firm as parties defendant.

2. In such a case an amendment will be allowed under the Act of May 4, 1852, P. L. 574, so as to include the names of the partners.

Rule to quash writ of foreign attachment. C. P. Butler Co., Dec. T., 1920, No. 53.

*John Hutchinson,* for plaintiff; *John R. Henninger,* for defendant.

REIBER, P. J., July 15, 1921.—This cause is before us on motion on the part of defendant company to quash the writ and proceedings in the case because the affidavit showing cause of action is defective and the money was attached as the property of the defendant company, a partnership, and does not include the names of the individuals composing the partnership.

The respondent contends that there should be a general appearance for the defendant rather than an appearance *de bene esse* before the court takes cognizance of the matter in controversy.

While there is apparently not a universal practice throughout the courts of the State in relation to such appearance, dependent somewhat on the local court rule, yet such appearance must be recognized under the rule as stated in Turner v. Larkin, 12 Pa. Superior Ct. 284, 290, "that a party may appear specially for the purpose of stating an objection without thereby waiving it."

The question primarily for our consideration relates to allowance of a petition for amendment by the plaintiff, as the same cures the defect raised by defendant. Under the Act of May 4, 1852, P. L. 574, "the court shall have power in any stage of the proceedings to permit amendments by changing or

Keystone Pipe and Supply Co *v.* Central Pipe and Supply Co.

adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

Inasmuch as the amendment does not change the defendant or bring new parties into court, but only names the partners as constituting the partnership, under these circumstances, in our opinion, it should be allowed and the motion to quash the writ must be refused.

And now, July 15, 1921, rule to show cause why the writ and proceedings in this case should not be quashed discharged, at costs of defendant.