## Tierney v. Bulletin Co.

*Francis W. Sullivan*, for plaintiff.

*Robert F. Irwin, Jr.*, for defendant.

CHUDOFF, J., October 30, 1958.—This matter is before the court upon preliminary objections of defendant, Elsa Maxwell, who has been joined with Bulletin Company, a corporation, and Hearst Publishing Company, Inc., in an action for libel brought by H. Sher-

wood Tierney, father of Gene Tierney, a famous and well-known movie actress.

Defendant, Elsa Maxwell, by her objections, is endeavoring to have the court rule that the action against her be dismissed for plaintiff's failure to reinstate or reissue the complaint in accordance with Pa. R. C. P. 1010, said unreinstated or unreissued complaint having been duly served upon her by the Sheriff of Philadelphia County. In other words, that the court has no jurisdiction over the person of defendant, Elsa Maxwell.

Briefly, the facts are as follows:

On August 13, 1956, a complaint was served upon the Bulletin Company, a corporation, at its principal office in Philadelphia. However, the sheriff's return set forth "Not found" as to defendants Elsa Maxwell and Hearst Publishing Company, Inc. On November 15, 1957, approximately 14 months later, a complaint was served upon defendant, Elsa Maxwell, in the City of Philadelphia. Nothing appears of record that plaintiff filed a praecipe for reinstatement of the complaint, or that the prothonotary reinstated the complaint in accordance with rule 1010 of the Rules of Civil Procedure. On November 29, 1957, counsel of record for defendant wrote to plaintiff's counsel thanking him for "agreeing to an extension of time for filing the Answer and New Matter to the Complaint . . ." On December 5, 1957, defendant filed preliminary objections to plaintiff's complaint raising the question of jurisdiction over the person. This pleading was filed within the 20-day period after service of the complaint. Thereafter, on June 24, 1958, defendant, Elsa Maxwell, filed a praecipe asking that the preliminary objections be placed on the motion list, and on February 19, 1958, counsel for defendant entered an appearance de bene esse for the purpose of raising questions of jurisdiction.

It is plaintiff's contention that under the facts out-
lined, defendant had entered a general appearance on
or before December 5, 1957, and cannot now attack the
service of the complaint or the jurisdiction of the
court as it relates to the party, or the validity of the
complaint.

The court is mindful that defects relating to juris-
diction over defendant, and not to jurisdiction over
the cause of action, are cured by a general appearance:
Cuberka v. Pennsylvania Slovak Roman and Greek
Catholic Union of the United States of America, 126
Pa. Superior Ct. 605, 193 Atl. 828 (1937); McCul-
lough v. Railway Mail Association, 225 Pa. 118, 122,
123, 73 Atl. 1007; Jeannette Borough v. Roehme, 9
Pa. Superior Ct. 33, affirmed 197 Pa. 230, 237, 47
Atl. 283; Wing v. Bradner, 162 Pa. 72, 76, 29 Atl.
291; MacGeorge v. Chemical Mfg. Co., 141 Pa. 575,
580, 21 Atl. 671; Miller v. Cockins, 239 Pa. 558, 568,
569, 87 Atl. 58; Barrilo v. Frank, 116 Pa. Superior Ct.
461, 462, 463, 177 Atl. 58; German Trust Co. of
Davenport v. Plotke, 274 Pa. 483, 118 Atl. 508, Ko-
nopka v. McAteer, 313 Pa. 510, 515, 169 Atl. 778; 1
Bouvier's Law Dictionary (Rawle's 3d Revision) 212;
A. L. I. Restatement of the Law, Conflict of Laws §82,
p. 125, and Pennsylvania annotations to same.

In all of the aforementioned cases defendant either
entered a formal entry of appearance or filed pleadings
going to the merits of the particular controversy.
However, in the instant matter, defendant did not
enter a formal appearance, nor did she file any plead-
ings on the merits. The only steps taken which could
be considered as constituting a general appearance
and a waiver of all defects in service, is the letter of
November 29, 1957, from defendant's counsel to plain-
tiff's counsel thanking him for an extension of time
in which to file an answer, which was not filed of

record, or the preliminary objections themselves filed on December 5, 1957.

It is the opinion of this court that neither act constitutes a general appearance.

The vital test in determining whether an appearance is general or special is found in what is done by way of participation in the action: Farmers Trust Company v. Alexander, 334 Pa. 434, 6 A. 2d 262 (1939) ; Merchants Heat and Light Company v. J. B. Clow & Sons, 204 U. S. 286. If a party's conduct as evidenced by the substance and state of the record, rather than the form of the appearance, reveals a consistent determination not to submit to the court's jurisdiction, then the said party is not such an actor in the cause as to be held to have waived any jurisdictional defects: Turner v. Larken, 12 Pa. Superior Ct. 284 (1899) ; United States v. Collins, 55 F. 2d 70; United Silk Mills Co. v. Max Fishel, Inc., 4 D. & C. 751; 6 C. J. S. §1, p.7.

It is clear from the state of the present record that defendant, Elsa Maxwell, never unconditionally consented to the court's acquiring personal jurisdiction over her. The letter which plaintiff contends constitutes a general appearance to the jurisdiction of the court has no basis in view of the fact that it was not filed of record, nor is it in any sense a stipulation filed of record as was done in Riker v. Kilinski, 309 Pa. 108, 163 Atl. 526, upon which plaintiff relies; and further, preliminary objections were timely filed in which defendant raised the question of jurisdiction over the person. The state of the record clearly reveals a determination on the part of defendant, Elsa Maxwell, not to submit to the court's jurisdiction and that her appearance was never otherwise than in the nature of de bene esse.

Plaintiff cites Bailey v. Ancient Egyptian Arabic Order Nobles of the Mystic Shrine of North and South

America, etc., 162 Pa. Superior Ct. 5, 56 A. 2d 311 (1948), in an effort to show that the letter, not filed of record, constitutes a general appearance. This case is not applicable to the case at bar as it is distinguishable on its facts. In the Bailey case there were no preliminary objections filed by defendant and nothing on the record to indicate his determination not to submit to the court's jurisdiction. Also, the Bailey case relied upon Riker v. Kilinski, supra, as authority, which is distinguishable from the case at bar in that counsel had entered into a written stipulation filed of record agreeing to extend the time for the filing of an answer. The cases cited in plaintiff's reply brief are likewise not persuasive to the question presented. Inherent in these cases is either the formal entry of an appearance by counsel or the filing of an answer on the merits, neither of which is present in the case at bar.

Plaintiff next sets forth to sustain his argument, the filing of the preliminary objections on December 5, 1957. He contends that since preliminary objections are designated as a pleading under rule 1017 of the Pennsylvania Rules of Civil Procedure, the effect of filing them is in effect a general appearance. With this, the court does not agree.

The general principles involved are adequately stated by our Superior Court in Pellegrini v. Roux Distribution Co., Inc., 170 Pa. Superior Ct. 68, 73, 84 A. 2d 222 (1951).

"Broadly stated, any action on the part of defendant, *except to object to the jurisdiction over his person* which recognizes the case as in court, will constitute a general appearance . . . although an act of defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending. . . . and no

affirmative action is sought from the court": 6 C. J. S. §13, p. 42.

This rule as applied here clearly illustrates that defendant, Elsa Maxwell, did not enter a general appearance. She filed preliminary objections to the service of the complaint and asked that it be set aside for noncompliance with rule 1010 as mentioned above. How else was defendant, Elsa Maxwell, to place her objection to jurisdiction before the court if not by way of preliminary objections? The procedure of preliminary objections has been made the sole method by which jurisdictional questions can be raised. The common law motions to quash the writ and set aside the service are no longer available: 1 Goodrich-Amram Procedural Rules Service, §1017(b)-7, p. 79. It is also declared by the same authority that appearance de bene esse no longer exists; the preliminary objection is the exclusive method by which jurisdictional questions are to be raised; 1 Goodrich-Amram, Procedural Rules Service, §1012-1, p. 45. We therefore conclude that plaintiff's contention as to this point is without merit.

The court also fails to perceive how it can be said that defendant's filing a praecipe to have the preliminary objections placed upon the motion list of February 24, 1958, subjected defendant to the jurisdiction of the court. On the contrary, defendant's action is reasonably consistent only with a determination not to become in any manner involved in the judicial process.

Plaintiff's reliance upon Zientz v. Derereux, 6 D. & C. 2d 321 (1955) (C. P., Somerset County), is not applicable here. In that case, defendant had originally filed a general appearance prior to the filing of preliminary objections and the court stated, at page 328:

"We hardly need point out that defendant could have stood upon her rights and made no appearance or answer whatsoever and this court would have been without jurisdiction of defendant or she could have within the 20 days provided for filing an answer raised this question of jurisdiction of the court by a preliminary objection assigning the reason which she subsequently assigned. . . ."

In light of the above discussion, the court concludes that defendant, Elsa Maxwell, never entered a general appearance, but only a special one to raise the question of jurisdiction over the person of defendant.

Pa. R. C. P. 1010(a) provides that:

"(a) The prothonotary, upon praecipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ, or reinstating the complaint, by writing thereon "reissued", in the case of a writ, or "reinstated", in the case of a complaint."

Under this rule, if the process is not served within a period of 30 days, it expires and cannot be served thereafter unless the process is reissued or reinstated: Kurelko v. Great American Indemnity Co., 10 D. & C. 2d 227 (1956) (C. P. Mercer County). 1 Goodrich-Amram, Procedural Rule Service, §1010-D 1, pages 43, 44, states as follows:

"The 30-day life of the process is definitely fixed. If it is not served within that period, it normally expires and cannot be served thereafter. Reissuance or reinstatement is essential. Each reissuance or reinstatement validates the process for service for a new period of 30 days, commencing as of the date the prothonotary acts. If not served within that period, it again will expire unless again reissued or reinstated."

Assuming that plaintiff had reinstated the complaint within the 30-day period before service of the

same on November 15, 1957, the reinstatement would still be invalid.

The law is clear that in order to keep an action alive a plaintiff must revive his process within the statutory period: Rees v. Clark, 213 Pa. 617; Prettyman v. Irwin, 273 Pa. 522; Webb v. Link, 82 D. & C. 326 (1952) ; Pitman v. Finkel, C. P. 7 Phila. County, March Term, 1952 No. 6692 (1956). 1 Goodrich-Amram, Procedural Rules Service, §1010(b)-1, p. 41, 42 states as follows:

". . . The reissuance or reinstatement must be made within the same period of time following the issuance of the expired process within which the original action had to be brought to toll the statute of limitations. For example, if the action is wrongful death and the statute of limitations is one year, the reissuance cannot be delayed more than one year after the original writ issued."

The case at bar is a libel action and in actions of libel there is a one-year statute of limitations: Act of April 25, 1850, P. L. 569, sec. 35, 12 PS §32. Thus, even if reinstatement of the complaint had been made in conformity with rule 1010, supra, it would have been delayed for more than one year after the complaint had been filed, and in accordance with the above authority, the reinstatement would therefore have been invalid.

Accordingly, the service of the complaint upon defendant, Elsa Maxwell, is invalid, the service should be set aside and the action against Elsa Maxwell be dismissed.

### Order

And now, to wit, October 30, 1958, preliminary objections of defendant, Elsa Maxwell, are sustained, the service of the complaint upon defendant, Elsa Maxwell, is set aside and the action as to her is dismissed.